IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES E. MCROY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 04 C 2764 |
| CITY OF CHICAGO POLICE OFFICER BRIAN JOHNSON, in his individual capacity, and CITY OF CHICAGO POLICE OFFICER TIMOTHY MURPHY, in his individual capacity, | ) ) Judge Ronald A. Guzmán ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

James E. McRoy has sued defendants pursuant to 42 U.S.C. § 1983 for their alleged violations of his Fourth and Fifth Amendment rights. The case is before the Court on plaintiff's motion for review of, and objections to, Magistrate Judge Keys' March 23, 2005 Order ("Order") granting defendants' motion to compel plaintiff to produce his mental health records. For the reasons stated below, the Court vacates the Magistrate Judge's Order and denies the motion to compel.

### Background

On July 19, 2004, plaintiff filed his first amended complaint alleging that: (1) on April 17, 2002, defendants found plaintiff unconscious and bleeding from a stab wound to his chest and lacerations on his wrists when they went to his home to arrest him for an unspecified crime (First Am. Compl. ¶¶ 12-13); (2) defendants arrested him while he was unconscious and took him to Cook County Hospital where plaintiff was held, handcuffed to the bed, until April 21, 2002 (*id.* ¶¶ 13-14, 18); (3) defendants visited the hospital several times between April 17 and April 21, 2002 to interrogate

plaintiff (*id.* ¶¶ 16, 21); (4) during these visits, defendant Johnson physically and verbally abused plaintiff in an effort to coerce him into making a statement and defendant Murphy did nothing to stop the abuse (*id.* ¶¶ 16-25); and (5) as a result of defendants' acts and omissions, plaintiff suffered "substantial injury" (*id.* ¶¶ 37, 43, 48, 54).

On December 29, 2004, defendants sent discovery to plaintiff seeking, among other things, information and documents pertaining to plaintiff's present and past mental condition and treatment, including mental health records. Plaintiff refused to produce the information on the grounds that it is privileged. Consequently, defendants filed a motion to compel.

On February 22, 2005, the Court referred defendants' motion to compel to Magistrate Judge Keys. On March 23, 2005, Judge Keys granted the motion. In relevant part, Judge Keys' ruling states:

> Defendants' motion to compel production of plaintiff's psychiatric and medical records is granted. Considering the circumstances of this case, the Court finds that Plaintiff's psychiatric condition-prior to and subsequent to the incidents that gave rise to the complaint herein-is at issue herein, even though his carefully drafted complaint did not put it in issue. Said medical records to be produced no later than 4/6/05.

(*See* Order). Plaintiff contends that the Order is incorrect as a matter of law.

## Discussion

We can set aside Judge Keys' Order only if it is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Plaintiff says that it is because the Order conflicts with the Supreme Court's decision in *Jaffee v. Redmond*, 518 U.S. 1 (1996). In *Jaffee*, the Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Id.* at 15. Moreover, the Court rejected the notion that the privilege could be overcome by a compelling need for the evidence: "Making the promise of confidentiality contingent upon a trial

2

judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege." *Id.* at 17.

The psychotherapist privilege can, however, be waived. *Id.* at 15 n.14. The Supreme Court did not discuss the circumstances that constitute waiver, but courts in this district have held that a party waives the privilege if he puts his mental health at issue in the suit. *See, e.g., Santelli v. Electro-Motive*, 188 F.R.D. 306, 308 (N.D. Ill. 1999) ("One way a privilege holder can waive the privilege is by affirmatively putting the privileged communications directly at issue in a lawsuit."); *Wynne v. Loyola Univ. of Chic.*, No. 97 C 6417, 1999 WL 759401, at *2 (N.D. Ill. 1999) ("Since the attorney-client privilege is waived when the advice of counsel is placed at issue in the litigation, the same result should apply to the psychotherapist-patient privilege when a plaintiff's mental condition is placed at issue.").

Plaintiff has not done that. He does not assert a claim for intentional infliction of emotional distress, he does not seek damages for emotional harm and he has represented that he will not "introduce evidence from a psychotherapist at trial regarding mental or emotional symptoms." (Pl.'s Mot. Review & Obj. Magistrate Judge's Order at 8.) In fact, Magistrate Judge Keys acknowledged as much in his Order, saying that plaintiff's "carefully drafted complaint [does] not put [his mental or emotional condition] in issue." (*See* Order.)

Yet, the Magistrate Judge granted defendants' motion to compel because "the circumstances of this case, [place in issue] Plaintiff's psychiatric condition . . . prior to and subsequent to the incidents that gave rise to the complaint." (*See id.*) Apparently, though he did not explain them, the "circumstances" to which Judge Keys refers are that plaintiff was arrested for murder and the wounds from which he was suffering when the police found him were self-inflicted. (*See* Defs.' Reply Supp. Mot. Compel at 2, 5.) Given those facts, defendants say, they are entitled to plaintiff's mental health records because they cannot defend against his claims without them.

3

The Court disagrees on both counts. First, defendants do not need plaintiff's mental health records to defend against his claims. At base, this case is a credibility contest. If plaintiff, in fact, deliberately harmed himself on the day of his arrest, defendants can use that fact to attack his credibility, with or without his mental health records.

Moreover, even if defendants did need the records, that would not vitiate plaintiff's privilege. The *Jaffee* Court explicitly rejected the notion that the psychotherapist privilege can be overcome by a showing of need for the evidence. *Jaffee*, 518 U.S. at 17. Under *Jaffee*, defendants are entitled to plaintiff's records only if he waived the privilege. Magistrate Judge Keys did not make a waiver finding and we see no basis for one. Absent that finding, the Order compelling plaintiff to produce his mental health records is erroneous and must be vacated.

## Conclusion

For the reasons stated above, plaintiff's motion for review of, and objections to, Magistrate Judge Keys' Order granting defendants' motion to compel [doc. no. 35] is granted. Judge Keys' Order [doc. no. 31] is vacated and defendants' motion to compel production of plaintiff's mental health records [doc. no. 24] is denied.

SO ORDERED       ENTERED:    5/9/05

HON. RONALD A. GUZMAN
United States District Judge

4